UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MICHAEL MORAN,

                Plaintiff,

      vs.                                                  6:06-CV-1137

CENTRAL NEW YORK PSYCHIATRIC CENTER;
JOE HUBBARD, Treatment Assistant; R.J.,
Treatment Assistant; MACK, Senior T.A.,

                Defendants.

---

APPEARANCES:

MICHAEL MORAN
Plaintiff, *pro se*

DAVID N. HURD
United States District Judge

## DECISION and ORDER

Presently before the Court is an amended complaint, together with an application to proceed *in forma pauperis,* filed by plaintiff Michael Moran. Dkt. Nos. 4, 5. The amended complaint and application to proceed *in forma pauperis* were submitted in compliance with the Order issued by this Court on October 10, 2006 ("October Order"). Dkt. No. 3. For the reasons discussed below, the Court finds that the amended complaint fails to state a claim against the defendants upon which relief may be granted, and therefore, dismisses this action.

As discussed in the October Order, plaintiff alleges that he was denied adequate medical care and that defendants failed to protect him. In the October Order, the Court advised plaintiff that he must allege deliberate indifference to his serious medical needs in

order to establish an Eighth Amendment claim arising out of inadequate medical care. Dkt. No. 3 at 4. Plaintiff was also advised that he needed to prove both an objective injury and intentional or reckless conduct on the part of a state official to establish a claim based on failure to protect. *Id.* Plaintiff was further advised that he must assert allegations of wrongful conduct as to each defendant and that he must provide the Court with the date on which the alleged incident occurred. *Id.* at 5.

A review of the amended complaint reveals that it fails to comply with the October Order. Plaintiff continues to allege that he was denied medical care, but does not assert deliberate indifference to his serious medical needs. Indeed, plaintiff merely alleges that he requested medical attention from "George" after waking up with "liquids" on him and that he was denied any medical attention. Dkt. No. 4 at 4. Plaintiff also fails to assert any facts in support of his conclusory allegation that authorities failed to protect him from sexual assault. *Id.* at 5. Moreover, plaintiff neglects to provide the Court with a date on which the alleged incident is to have occurred.

The Court notes that plaintiff did not sign the amended complaint. *See Id.* Rule 11 of the Federal Rules of Civil Procedure stipulates that every pleading, written motion, and other paper, if the party is not represented by an attorney, must be signed by the party. *See* Fed. R. Civ. P. 11(a).

The Court also notes that plaintiff's amended complaint does not contain an appropriate caption. Plaintiff lists only "Ron" as a defendant in his amended complaint, yet the body of the amended complaint contains no allegations of wrongdoing on the part of this defendant. Further, plaintiff refers to several individuals in the body of his amended

complaint yet does not list them as defendants in this action. *Id.* at 4. Plaintiff was instructed by the October Order that his amended complaint must include a caption identifying each defendant to this action and must allege personal involvement of each defendant in alleged constitutional deprivations. Dkt. No. 3 at 5, 7.

In light of the foregoing and for the reasons set forth in the September Order, the Court finds that plaintiff's amended complaint fails to state a claim upon which relief may be granted. The Court hereby dismisses this action.

THEREFORE, it is

ORDERED, that

1. This action is DISMISSED without prejudice due to plaintiff's failure to comply with this Court's October 10, 2006 Order;

2. Plaintiff's application to proceed *in forma pauperis* (Dkt. No. 5) is DENIED as moot; and

3. The Clerk shall serve a copy of this Order on plaintiff by regular mail.

IT IS SO ORDERED.

Dated:  November 7, 2006
        Utica, New York.

United States District Judge

3